UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY, : | | Case No. 1:13-cv-337 |
| : | | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| : | | |
| CAO GROUP, INC., | : | |
| : | | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO STAY
PENDING INTER PARTES REVIEW (Doc. 70)**

This civil action is before the Court on Defendant's motion to stay pending *inter partes* review (Doc. 70) and the parties' responsive memoranda (Docs. 72, 75).

## I.  BACKGROUND FACTS

On May 21, 2014, Defendant filed Petitions for *inter partes* review ("IPR") for the '569 Patent, the '811 Patent, and the '199 Patent (the "Patents-in-Suit"). Defendant's IPR filings requested reexamination of each patent at issue, including every asserted claim of the Patents-in-Suit.  Accordingly, Defendant moves the Court to stay all proceedings pending resolution of the IPR.

The parties anticipate that The Patent Trial and Appeal Board ("PRAB") will determine whether or not to grant the Petitions by December 18, 2014.  35 U.S.C. § 314(b).  The IPR process is guaranteed by statute to be completed within 12 months of the petition being granted.    35 U.S.C. § 316(a)(11).

## II. STANDARD OF REVIEW

The Court has the "inherent power" to manage its docket and order a stay pending conclusion of a PTO reexamination. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). While a patent is in reexamination, "a stay is justified when the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06cv2981, 2007 U.S. Dist. LEXIS 66340, at *4 (N.D. Ohio Sept. 7, 2007). In determining whether to stay litigation pending PTO reexamination proceedings, courts generally weigh three factors:

1. Whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;

2. Whether a stay will simplify the issues in question and trial of the case; and

3. Whether discovery is complete and whether a trial date has been set.

*Id.* at 3-4.

## III. ANALYSIS

### A. Prejudice or Tactical Disadvantage

#### 1. *Prejudice*

First, Plaintiff argues that it would be severely prejudiced by a stay because everyday Defendant unlawfully sells its infringing goods it is harmed.

If the Court accepts Plaintiff's argument, the Court must presume that Defendant does, in fact, infringe the Patents-in-Suit. However, infringement has yet to be determined by this Court. Regardless, while there is no question that Plaintiff may be prejudiced by the stay, the proper question is whether it will be *unduly* prejudiced. Here, even if Plaintiff is prejudiced, the Court is not persuaded that any potential loss could not be partially, if not fully, mitigated by monetary damages. In short, while this factor moderately points in favor of denying the motion to stay, it is insufficient to defeat the remaining factors which favor staying the case. Any prejudice that may result to the Plaintiff does not overcome the collective weight of the other factors.

### 2. Tactical Disadvantage

Next, Plaintiff maintains that Defendant is using the reexamination process as a "mere dilatory tactic." *Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 407 (W.D.N.Y. 1999). However, the Court does not find that Defendant unreasonably delayed filing the IPRs, despite the fact that they were filed on the last possible day.[1] Instead, Defendant's reasoning — that it filed the IPRs in an attempt to streamline the case as a result of this Court's Order on Summary Judgment— is reasonable and not simply dilatory.

### B. Simplification of Issues

Defendant's IPR filings requested reexamination of each patent at issue, including every asserted claim of the Patents-in-Suit. Accordingly, waiting for the outcome may

---

[1] Congress recognized that a one year period after service of a litigation complaint provides a "reasonable opportunity" for a defendant to evaluate the case and file an IPR. 35 U.S.C. § 315(b); 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011).

significantly clarify the scope of the claims.  "Staying a patent case pending administrative review of the patent's validity can simplify litigation in the following ways: (1) all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise, (2) many discovery problems relating to the prior art can be alleviated, (3) if [the] patent is declared invalid, the suit will likely be dismissed, (4) the outcome of the [administrative review] may encourage a settlement without further involvement of the court, (5) the record of the [administrative review] would probably be entered at trial, reducing the complexity and the length of the litigation." *Gioelle Enter. Ltd. v. Mattel, Inc.*, No. 99-375, 2001 U.S. Dist. LEXIS 26158, at *1 (D. Del. 2001).  This factor weighs heavily in favor of a stay.

### C.  Stage of Litigation

Next, Plaintiff argues that staying the case now would be wasteful and premature, since the PTAB has not yet decided whether to grant in whole or in party the IPR.  While the PTAB may decline to review the Petitions, the fact that 84% of all Petitions for IPR are granted is a compelling statistic.

Plaintiff also argues that given the status of the litigation, and the fact that claim construction efforts are already complete, a stay should be denied.  Fact discovery closes on October 1, 2014, dispositive motions are due on December 24, 2014, and trial is scheduled for April 27, 2015.  (Doc. 63).  Nevertheless, although the parties have made significant progress toward trial, the parties still need to take depositions (including

4

expert depositions) and only recently exchanged requests for email discovery.[2]
Therefore, the status of the litigation, in combination with the likelihood that the Petitions will be accepted for review, weighs in favor of a stay.

### D. Team Technologies

Finally, Plaintiff argues that this case is "virtually indistinguishable" from the situation in *P&G v. Team Technologies*, No. 1:12cv552 (S.D. Ohio), where this Court denied defendant's motion for a stay pending IPR. This Court disagrees. First, the PTAB is scheduled to rule on the patentability of the sole independent claim at issue in the '199 Patent prior to the trial in this case, while the trial in *Team Technologies* was set for a date over five months before the expected IPR ruling. Second, fact discovery in *Team Technologies* was closed when defendants requested the stay, while there is still significant outstanding discovery in this case. Third, the Court based its decision to deny the stay in *Team Technologies* in part based on the fact that only 11 asserted patent claims were at issue, while 16 claims would not be affected by the IPR. In this case, all 15 asserted claims of the Patents-in-Suit are at issue in the IPR.

Considering the totality of the circumstances and weighing all three factors, the Court finds that a stay is appropriate. A stay will reduce the burden of the litigation on both the parties and the Court.

---

[2] *See, e.g., Broad Innovation, L.L.C. v. Charter Communs., Inc.*, No. 03-cv-2223, 2006 U.S. Dist. LEXIS 46623, at *21 (D. Colo. July 11, 2006) ("[A]lthough there has been a great deal of activity in this litigation to date, much remains to be done before the case is ready for trial. Discovery is not yet completed…and the Pretrial Order has not yet been prepared. I[t] would be a serious waste of both the parties' and the Court's resources if the…proceedings went forward and the claims were subsequently declared invalid.").

## IV. CONCLUSION

Accordingly, for these reasons, Defendant's motion to stay (Doc. 70) is **GRANTED**. Counsel shall notify the Court upon resolution of the *inter partes* review.

**IT IS SO ORDERED**.

Date: 7/21/14                                             *s/ Timothy S. Black*
                                                         Timothy S. Black
                                                         United States District Judge